FILED _____ ENTERED
_____ LODGED _____ RECEIVED

OCT 22 2002 PM

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                           DEPUTY

CV 02-2184 #1

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JOEL HODGELL and ED KONEK, | NO. C02-2184 |
| Plaintiffs, | NOTICE OF REMOVAL |
| vs. | |
| SAMSON DISTRIBUTING, INC., SDI, LEGALSTEROIDS.COM and SDI-LABS.COM, | |
| Defendants. | |

TO:     The Clerk of the Court;

AND TO: Plaintiffs, JOEL HODGELL and ED KONEK;

AND TO: D. MICHAEL TOMKINS and THE LAW OFFICES OF D. MICHAEL TOMKINS, P.S., Attorneys for Plaintiff;

AND TO: The Clerk of the Superior Court of the State of Washington, in the County of King at Seattle.

YOU AND EACH OF YOU WILL PLEASE TAKE NOTICE that Defendant SAMSON DISTRIBUTING, INC. hereby removes the above-captioned action from Superior Court of the State of Washington to the United States District Court for the Western District of Washington.

///

///

NOTICE OF REMOVAL - 1

ORIGINAL

## GROUNDS FOR REMOVAL

This court has original jurisdiction of this action because of the diversity of citizenship of the parties. The matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs. The Plaintiffs are residents of the State of Washington. Defendant Samson Distributing, Inc. is incorporated in the State of Florida and does not have a place of business in the State of Washington. Defendant SDI is a name under which Defendant Samson Distributing, Inc. does business. No defendant is a citizen of any state in which Plaintiff is a citizen. This notice of removal will be filed within 30 days after receipt of the complaint by the Defendants. Accordingly, the Defendants are entitled to remove this case to the United States District Court for the Western District of Washington.

A copy of all process, pleadings, and orders served upon the defendants is attached hereto.

DATED this 22nd day of October 2002

Respectfully Submitted,

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

By: _____
Derek A. Newman, WSBA No. 26967
Roger Townsend, WSBA No. 25525

Attorneys for Defendants

1001 Fourth Avenue, Suite 2560
Seattle, Washington 98154
(206) 624-6334 phone
(206) 624-6348 fax

NOTICE OF REMOVAL - 2

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
1001 Fourth Avenue Plaza, Suite 2560
Seattle, Washington 98154
phone: (206) 624-6334
fax: (206) 624-6348

RECEIVED
SEP 26 2002
Cashier Section
Superior Court Clerk

PALMER ROBINSON

## SUPERIOR COURT OF WASHINGTON
## IN AND FOR KING COUNTY

| | |
|---|---|
| JOEL HODGELL and ED KONEK, | Cause No. 02-2-27841-8SEA |
| Plaintiffs, | COMPLAINT FOR DAMAGES AND RELIEF UNDER THE UNFAIR BUSINESS PRACTICES-CONSUMER PROTECTION ACT AND THE UNSOLICITED ELECTRONIC MAIL ACT |
| v. | |
| SAMSON DISTRIBUTING INC., SDI, LEGALSTEROIDS.COM and SDI-LABS.COM, | |
| Defendants. | |

COMES NOW, plaintiffs, Joel Hodgell and Ed Konek, by and through their attorney D. Michael Tomkins and bring this action against defendants named herein. The plaintiffs allege the following on information and belief:

### I. JURISDICTION AND VENUE

1.1. This complaint is filed and proceedings are instituted under the provisions of RCW 19.86, the Unfair Business Practices Consumer Protection Act, RCW 19.190, the Washington State Commercial Electronic Mail Act, and under the common law torts of trespass to chattels, harassment, and theft of services (RCW 4.04.010).

1.2. Pursuant to RCW 19.86.080, RCW 69.41, RCW 19.190., this court has proper subject and personal jurisdiction and proper venue. Pursuant to RCW 19.86.160

COMPLAINT FOR DAMAGES - 1

LAW OFFICES OF
D. Michael Tomkins, P.S.
8420 Dayton Avenue North
Seattle, Washington 98103 - 4227
Tel (206) 547-1000 · Fax (206) 297-5990

the defendants have submitted themselves to the personal jurisdiction of the courts of this state within the meaning of RCW 4.28.180 and RCW 4.28.185.

1.3. The violations alleged herein have been and are being committed in whole or in part in King County, in the State of Washington by defendants named herein.

## II. PLAINTIFF and DEFENDANTS

2.1. Plaintiff, Joel Hodgell, is a resident of the State of Washington and of the County of King, an adult over the age of eighteen years, is located at 12712 Lake City Way NE 3, Seattle, WA 98125. Plaintiff Ed Konek is a resident of the State of Washington and the County of King, an adult over the age of 18 years, and is located at 400 Lakeside Avenue South, Seattle WA 98144.

2.2. Defendant Samson Distributing, Inc. is an active for-profit Florida corporation, with their principal business located at 9835-16 Lake Worth Road, Suite 227, Lake Worth, FL 33467 and 3880 Max Place #103, Boynton Beach, FL 33436, conducting business in Washington State through the Internet web-sites sdi-labs.com, legalsteroids.com, www.anabolicsource.com, www.advancedbodybuilding.com, www.dietexplosion.com and www.lifetechlabs.com, and has control of the content, transmission, activities and practices related to those web sites.

2.3. Defendant SDI-Labs is a fictitiously named business owned by Defendant Samson Distributing Inc, with their principal business located at 9835-16 Lake Worth Road, Suite 227, Lake Worth, FL 33467 and 3880 Max Place #103, Boynton Beach, FL 33436, conducting business in Washington State through the Internet web-sites sdi-labs.com and legalsteroids.com, www.anabolicsource.com, www.advancedbodybuilding.com, www.dietexplosion.com and www.lifetechlabs.com,

COMPLAINT FOR DAMAGES - 2

*LAW OFFICES OF*
*D. Michael Tomkins, P.S.*
*8420 Dayton Avenue North*
*Seattle, Washington 98103 - 4227*
*Tel (206) 547-1000 • Fax (206) 297-5990*

and has control of the content, transmission, activities and practices related to those web sites.

2.4 Defendants Legalsteroids.com and SDI-Labs.com are domain names owned by Defendant Samson Distributing, Inc.

### III. NATURE OF TRADE OR COMMERCE

3.1. Defendants either hired unknown associates located in Quebec, Canada to use unsolicited commercial email ("spam"), and/or did the spamming themselves, to promote (and host) "mirror" SDI websites ("disposable" temporary near-clone websites of the defendant's own website http://www.sdi-labs.com). Since at least April 2001 to the present, defendants initiated the transmission, and/or conspired with unknown associates in Quebec, Canada to initiate the transmission, and/or assisted the transmission (RCW 19.190.010(1), to plaintiffs, of many dozens of commercial electronic mail messages (within the meaning of RCW 19.190.010(2)), also known as "spam", that promoted "mirror" SDI websites hosted by the defendants' unknown associates in Canada or by the defendants themselves.

3.2. Said messages are not "an electronic mail message to which an interactive computer service provider has attached an advertisement in exchange for free use of an electronic mail account, when the sender has agreed to such an arrangement" (RCW 19.190.010(2)). The defendants have a long history of spamming as found at SPEWS, "Spam Prevention Early Warning System", at http://www.spews.org/html/S321.html and as found at the Usenet groups news.admin.net-abuse.email and news.admin.net-abuse.sightings.

COMPLAINT FOR DAMAGES - 3

*LAW OFFICES OF*
***D. Michael Tomkins, P.S.***
*8420 Dayton Avenue North*
*Seattle, Washington 98103 - 4227*
*Tel (206) 547-1000 • Fax (206) 297-5990*

3.3. Pursuant to RCW 19.190.020(2) the defendants knew or had reason to know that they sent unsolicited commercial electronic mail to Washington State residents. All of the plaintiffs' email addresses that were spammed by the defendants are registered at http://registry.waisp.org and the plaintiffs' residency status information for their email addresses are available upon request from the registrant of the Internet domain names found in their email addresses and from the plaintiffs directly. The defendants were also told in November 2001 which email addresses belonged to the plaintiffs, were to be removed from all of the defendants' spam lists, and for the defendants to cease and desist all spamming to the plaintiffs. As an experiment, the plaintiffs even tried using the defendants' "unsubscribe" email address, which the defendants promised would remove all submitted email addresses within 24 hours, but the defendants continued to spam the plaintiffs' email addresses for more months.

3.4. The defendants are in competition with others in the State of Washington engaged in similar business.

## IV. FIRST CAUSE OF ACTION – VIOLATIONS OF RCW 19.190 & 18.64

4.1. Plaintiffs reallege Paragraphs 3.1 through 3.4 and incorporate them herein as if set forth in full.

4.2. Electronic mail messages sent via the Internet contain a header, which tells the recipient the source of the original message, as well as any points of transmission on the message's path to the eventual recipient. A typical header will show the path of computers that sent the electronic mail message to the ultimate recipient. The specific computers are identified by a series of computer and domain names, and Internet protocol address numbers. Often there are several computers

COMPLAINT FOR DAMAGES - 4

*LAW OFFICES OF*
***D. Michael Tomkins, P.S.***
*8420 Dayton Avenue North*
*Seattle, Washington 98103 - 4227*
*Tel (206) 547-1000 • Fax (206) 297-5990*

involved in transmitting the message to its final destination. By examining the names and numbers which identify each computer along the transmission path, it is possible to determine who originally sent the message, and which Internet service providers transmitted it to its ultimate recipient.

4.3. It is also possible for a sender to disguise or obscure the true routing of an electronic mail message by manipulating the transmission path information in the message's header. Defendants engaged in this practice. Defendants manipulated the information in their message headers to show that their spam originated at computers and IP numbers that are different from their "from" Internet domains. For example, the defendants used their many Internet domain names in the "from" address field, but they used a wide variety of Internet domain names to obscure their main internet domain name SDI-LABS.COM. The defendants used this practice to defeat junk email filters used by Internet service providers and by individual email address users. The defendants also used this practice to make their spams appear to be from unrelated Internet domain names such as TGIFCAM.COM (which looks very similar to the popular restaurant chain TGI Friday's) or LAKERCAM.COM (which looks very similar to the National Basketball Association team Los Angeles Lakers). This practice is clearly an attempt to misrepresent and obscure the point of origin in the minds of Internet users who are not familiar with WHOIS and traceroute searches.

This practice was used by defendants to deflect complaints about their spamming, so as complaints about one of their domains got too large in number, they could easily switch to another domain, and repeat the process. Also, the defendants' unknown associates in Quebec, Canada, or the defendants themselves, sent nearly all

COMPLAINT FOR DAMAGES - 5

LAW OFFICES OF
*D. Michael Tomkins, P.S.*
*8420 Dayton Avenue North*
*Seattle, Washington 98103 - 4227*
*Tel (206) 547-1000 - Fax (206) 297-5990*

of their spams from IP numbers located in Canada and not associated with the Internet domain names written in the "from" email address field in their spams. This clearly misrepresents and obscures the true point of origin and transmission path of their spams. Accordingly, defendants misrepresent and obscure the true point of origin and transmission path of their spams by using the methods written above, and thus, clearly violated RCW 19.190.020(1)(a).

4.4. The defendants used non-existent, invalid, non-working "from" addresses in their spams. Reply messages sent to their "from" addresses were "bounced" back to the plaintiffs and designated "undeliverable" or "user unknown". The reply messages were undeliverable because the defendants used "from" or return email addresses that were invalid or non-existent at the time of transmission or by the time the plaintiffs attempted to respond. Washington State law requires that a sender of unsolicited commercial electronic mail truthfully identify the originating electronic mail address of the transmission, the "point of origin", RCW 19.190.020(1)(a). By posting a seemingly valid "from" and return email address that, in fact, is impossible to respond to, defendants misrepresented the status and/or existence of their email account, and clearly violated RCW 19.190.020(1)(a).

4.5. The defendants also used third party Internet domain names HOTMAIL.COM, MSN.COM, and YAHOO.COM without their permission in the "to" field, which is part of the transmission path, and thus, clearly violated RCW 19.190.020(1)(a). The plaintiff and defendants do not own these Internet domain names, but Microsoft Inc. owns HOTMAIL.COM and MSN.COM and Yahoo! Inc. owns YAHOO.COM. HOTMAIL.COM, MSN.COM, and YAHOO.COM are supported in part by paid

COMPLAINT FOR DAMAGES - 6

advertisements, and not by the unpaid, unrequested, unpermitted, parasitic and misleading spams from the defendants. Clearly, the defendants spamming practices are an unfair method of competition and unfair or deceptive act or practice in the conduct of any trade or commerce, and such practices have been declared unlawful by the Washington State legislature in RCW 19.190 and RCW 19.86.

4.6. Pursuant to RCW 18.64 and RCW 69.41, defendants are not properly licensed in any manner as required by Washington State law with the State Board of Pharmacy in the State of Washington, and/or State of Florida, to sell the pharmaceutical products they promote and offer in their spams and websites. Defendants attempt to make their business operation look like a properly licensed pharmacy business and claim to sell name brand anabolic steroids, or the same effective compounds found in them, as explained in their spams and websites WWW.SDI-LABS.COM, WWW.ANABOLICSOURCE.COM, WWW.ADVANCEDBODYBUILDING.COM, and has related websites at WWW. DIETEXPLOSION.COM and WWW. LIFETECHLABS.COM. Defendants' spams display various subject lines. Defendants used "WINNI-V, D-BOL, DECA! GET BIG, RIPPED & STRONG!" and "D-BOL, TEST, DECA! GET BIG, RIPPED & STRONG!" and "LEGAL Pharmaceuticals! Bodybuilding Products!" in the subject line, when they may or may not be selling these products. Defendants claim to both sell these "real" steroids, but also claim to only sell the related effective compounds found in them. This is misleading, deceptive and dangerous to consumers. Nor are the defendants qualified or licensed to legally sell legend or prescription drugs, which clearly is false or misleading information, and is unsafe and dangerous for consumers. This use of false or misleading information in the subject line of the defendants'

COMPLAINT FOR DAMAGES - 7

LAW OFFICES OF
D. Michael Tomkins, P.S.
8420 Dayton Avenue North
Seattle, Washington 98103 - 4227
Tel (206) 547-1000 • Fax (206) 297-5990

unsolicited commercial electronic mail messages violates RCW 19.190.030(1)(b). Pursuant to RCW 19.190.030(2), (3) defendant's violations of RCW 19.190.030(1)(b) constitute separate violations of the Consumer Protection Act, RCW 19.86.

4.7. It is a violation of RCW 19.190.020(1)(a)(b) and 19.190.030(1)(a)(b) to initiate the transmission, conspire with another to initiate the transmission, or assist the transmission, of a commercial electronic mail message from a computer located in Washington or to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that uses a third party's internet domain name without permission of the third party, or otherwise misrepresents or obscures any information in identifying the point of origin or the transmission path of a commercial electronic mail message, and/or contains false or misleading information in the subject line. Pursuant to RCW 19.190.020(1)(a)(b), each Count in this First Cause of Action is a separate and distinct violation of RCW 19.190, and pursuant to RCW 19.190.030(1)(a)(b), (2), and (3) constitutes a separate and distinct violation of the Consumer Protection Act, RCW 19.86.

## V. SECOND CAUSE OF ACTION – VIOLATIONS OF RCW 19.86

5.1. Plaintiffs reallege Paragraphs 3.1 through 4.7 and incorporate them herein as if set forth in full.

5.2. Each Count in the First Cause of Action also constitutes a separate and distinct act of an unfair method of competition and unfair or deceptive act or practice in the conduct of any trade or commerce, has been declared unlawful, and violates RCW 19.86 (RCW 19.86.020, et seq.), the Washington Consumer Protection Act.

## VI. THIRD CAUSE OF ACTION – COMMON LAW TORTS OF TRESPASS TO CHATTELS, HARASSMENT, AND THEFT OF SERVICES

COMPLAINT FOR DAMAGES - 8

6.1     Plaintiffs reallege Paragraph 3.1 through 5.2 above, and incorporate them herein as if set forth in full.

6.2.    Each Count in of the First and Second Causes of Action also constitute separate and distinct acts of trespass to chattels onto the personal property of plaintiffs.

6.3.    Each Count in of the First and Second Causes of Action after the defendants were told by the plaintiffs to not spam them any more, also constitute separate and distinct acts of harassment.

6.4.    Each Count in of the First and Second Causes of Action also constitute separate and distinct acts of theft of services, services that the plaintiffs paid and pay for.

6.5.    As a proximate result of defendants' conduct in each and every Count in the First, Second and Third Causes of Action, plaintiffs have experienced loss of use, loss of value, and additional work and expenses relating to their computer equipment and Internet service which they paid and pay for.

## VII. PRAYER FOR RELIEF

WHEREFORE, plaintiffs, JOEL HODGELL and ED KONEK, pray for relief as follows:

7.1.    That the Court adjudge and decree that defendants have engaged in the conduct complained of herein.

7.2.    That the Court adjudge and decree that the conduct complained of constitutes violations of the Commercial Electronic Mail Act, Chapter 19.190 RCW, and

COMPLAINT FOR DAMAGES - 9

pursuant to RCW 19.190.030(2) and (3) constitute separate and distinct *per-se* violations of the Consumer Protection Act, RCW 19.86.

7.3. That the Court adjudge and decree that the conduct complained of constitutes unfair or deceptive acts or practices and unfair methods of competition in violation of the Consumer Protection Act, Chapter 19.86 RCW.

7.4. That the Court adjudge and decree that the conduct complained of constitutes separate and distinct acts of trespass to chattels, commercial harassment, and theft of services.

7.5. That the Court assess civil penalties, pursuant to RCW 19.190, of up to five hundred dollars ($500.00) per violation against defendants for each and every, separate and distinct violation of RCW 19.190, and for additional violations while this civil action is pending, to be paid by the defendants to the plaintiffs.

7.6 That the Court assess treble punitive damages, pursuant to RCW 19.86.140, for each and every separate and distinct violation of RCW 19.190 (RCW 19.190.040(1)) and for additional violations while this civil action ins pending, to be paid by the defendants to the plaintiffs.

7.6 That the Court issue a permanent injunction enjoining and restraining defendants and their representatives, successors, assigns, officers, agents, servants, employees, and all other persons acting or claiming to act for, on behalf of, or in active concert or participation with defendants from continuing or engaging in the unlawful conduct complained of herein.

COMPLAINT FOR DAMAGES - 10

LAW OFFICES OF
*D. Michael Tomkins, P.S.*
8420 Dayton Avenue North
Seattle, Washington 98103 - 4227
Tel (206) 547-1000 • Fax (206) 297-5990

7.7    That the Court make such orders pursuant to RCW 19.86.080 to provide that plaintiffs have and recover from the defendants the cost of this action, including reasonable attorney's fees.

7.8.    That the Court assess an award of damages for each count, for each and every, separate and distinct act of trespass to chattels, harassment, and theft of services violation, and for each additional violation while this civil action is pending, to be paid by the defendants to the plaintiffs, and

7.9.    That the Court order such other relief as it may deem just and proper to fully and effectively dissipate the effects of the conduct complained of herein, or which may otherwise seem proper to the Court.

Dated: September ___, 2002.

*[signature]*

D. MICHAEL TOMKINS, WSBA #4979
Attorney for Plaintiff.

COMPLAINT FOR DAMAGES - 11

LAW OFFICES OF
*D. Michael Tomkins, P.S.*
4420 Dayton Avenue North
Seattle, Washington 98103 - 4227
Tel (206) 547-1000 • Fax (206) 297-5990